# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6454 | **DATE** | January 7, 2011 |
| **CASE TITLE** | *Polygroup v. Tree Classics* | | |

**DOCKET ENTRY TEXT:**

The parties submitted a joint position statement regarding damages, as ordered by the court. The court finds that Tree Classics is liable for damages to Polytree in the amount of $3,962,919.56. The court declines to address post-judgment interest at this time as the parties have not both set forth their position. They are strongly encouraged to resolve their differences. The clerk is directed to enter a Rule 58 judgment as specified below.

■[ For further details see text below.]

## STATEMENT

The parties submitted a joint position statement regarding damages, as ordered by the court. This order assumes familiarity with the prior orders entered in this case.

*Damages:*

The payment agreement upon which the court entered judgment was signed on May 20, 2009, by Polytree and on May 18, 2009, by Tree Classics. The payment agreement states that Tree Classics has had an outstanding balance of $3,209,913.98 *since* September of 2008. The word "since" is important, for reasons that will be explained below.

The payment agreement also contains a payment schedule and provides:

> Polytree agrees to forego interest accrued from the original payment date if the above payment schedule is met. If not met as outlined above, interest will be accrued from the original payment due date compounded monthly at a rate of 1% per month.

Dkt. 1-2.

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

It is undisputed that Tree Classics did not comply with the payment schedule. As noted above, the payment agreement specified a specific method of calculating interest in that eventuality.

As Exhibit A submitted by Polygroup shows, as of the time the parties signed the payment agreement, Tree Classics had accrued $328,932.88 in interest compounded monthly at a rate of 1% per month. The total amount of principal and interest due as of the end of April of 2009 was $3,538,846.86. That amount, minus the total amount of interest accrued ($328,932.88) equals $3,209,913.98 in principal, which is the amount on the payment agreement that the parties agreed Tree Classics owed since September of 2008 and still owed as of May of 2009 when the payment agreement was executed.

The court thus finds that Polytree's damages calculations are consistent with the parties' payment agreement. It further finds that Polytree's calculations track the plain language of the payment agreement, which awards Polytree prejudgment interest calculated by compounding monthly at a rate of 1% per month. This is reflected on Polytree's chart, which shows 1% compound interest calculated at the end of each month through December 10, 2010. Polytree's chart also accounts for the payments made by Tree Classics. The court thus adopts Polytree's calculations. *See* Dkt. 92-1, Ex. A. Polytree is entitled to prejudgment interest compounded monthly at a rate of 1% per month through the date of the court's judgment. Because Polytree used an end date of December 10, 2010, the court will also use that end date for the sake of mathematical simplicity. Polytree is thus awarded a total of $3,962,919.56 in damages ($2,934,913.98 in principal + $1,028,005.58 in interest).

In the interests of completeness, the court also notes that Tree Classic's objections to Polytree's calculations are unpersuasive. First, Tree Classics contends that Polytree's chart is incorrect because it does not show a balance of $3,209,913.98 as of the end of September of 2008. This is because, as explained above, the parties agreed that Tree Classics owed Polytree $3,209,913.98 in principal *since* September of 2008. The premise of the payment agreement was that Polytree would forego interest owed to it if Tree Classics complied with the payment schedule, so it makes sense that the payment agreement would mention the principal owed as of the date that agreement was executed, as opposed to the principal plus interest owed as of that date.

Tree Classics also takes issue with the monthly interest calculations. It appears to be asserting that Polytree's interest calculations are excessively high. Tree Classics, however, appears to be championing a 1%/month interest rate, as opposed to compounded interest (interest plus principal as provided by the payment agreement). Finally, as noted above, Tree Classics argues that an evidentiary hearing is necessary to determine damages because the record contains no evidentiary basis to determine damages. The payment agreement, however, contains specific, plain language addressing this issue. Thus, an evidentiary hearing is unnecesssary.

*Post-judgment Interest:*

Tree Classics notes that no judgment has been entered so it is premature to address the calculation of post-judgment interest. It thus does not set forth its position on post-judgment interest. It would have been more efficient to address this issue in a single round of briefing. Nevertheless, the court will not rule on this issue without the benefit of both parties' views and thus reserves this matter for another day. It adds, however, that Tree Classics is correct that post-judgment interest will run starting from the date that judgment is entered. The court vacated its prior judgment, so that moment will arrive shortly as judgment will be entered contemporaneously with this order.

(continued)

| **STATEMENT** |
|---|

*Rule 58 Judgment:*

The clerk is directed to enter a Rule 58 judgment that provides as follows:

Poytree's motion for judgment on the pleadings as to Count I of its complaint and Tree Classics' counterclaims is granted and Tree Classics is liable for damages to Polytree in the amount of $3,962,919.56. Count II of the complaint is dismissed because the recovery sought in that count duplicates the recovery sought in Count I. Polytree's motion to dismiss Counts IV, VII, and IX of Tree Classics' counterclaims is denied as unnecessary.